FILED

2011 FEB 17 PM 12:19

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

VAL AUGUSTINE HORTON and
BRENDA SYBIL HORTON,
    Plaintiffs,

Case No. 3:11-cv-155-J-34JBT

vs.

MJ ALTMAN COMPANIES, INC. a Florida Corporation,
and SHANDS JACKSONVILLE MEDICAL CENTER, INC.
a Non-Profit Corporation,
    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiffs, VAL AUGUSTINE HORTON and BRENDA SYBIL HORTON, by and through undersigned counsel, and files this Complaint against the Defendants, MJ ALTMAN COMPANIES, INC. and SHANDS JACKSONVILLE MEDICAL CENTER, INC., and alleges:

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k (d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the FCCPA claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

2. Venue in this District is proper in that the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

### PARTIES

3. Plaintiffs are natural persons who reside at 4380 Gran Meadows Lane North, Jacksonville, Florida.

4. Defendant, MJ Altman Companies, Inc., is a Florida profit corporation engaged in the business of collecting debts in Florida with its principal place of business located at 112 East Fort King Street, Ocala, Florida 34471. Defendant's principal purpose is the collection of debts

1

using telephone and mail, and Defendant regularly attempts to collect debts alleged to be due another.

5. MJ Altman Companies, Inc., is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. MJ Altman Companies, Inc., attempted to collect a debt arising from services rendered by SHANDS Jacksonville, (hereinafter "SHANDS") referenced by account number: U0904700*** ("the Debt"). The Debt was incurred primarily for personal, household or family use and is therefore a "debt" as that term is defined in 11 U.S.C § 101(12), 15 U.S.C. § 1692a(5), and Fla. Stat. § 559.55(1).

7. Shands Jacksonville Medical Center, Inc. is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

8. Shands Jacksonville Medical Center, Inc., a non-profit corporation, with its principal place of business located at 655 West 8th Street, Jacksonville, Florida 32209. Shands is a full service tertiary hospital primarily engaged in business providing health care services to individuals and consumers in Northeast Florida area.

9. Shands Jacksonville Medical Center. Inc., attempted to collect a debt arising from services rendered by SHANDS Jacksonville, (hereinafter "SHANDS") referenced by account number: U0904700*** ("the Debt"). The Debt was incurred primarily for personal, household or family use and is therefore a "debt" as that term is defined in 11 U.S.C § 101(12), 15 U.S.C. § 1692a(5), and Fla. Stat. § 559.55(1).

## FACTUAL ALLEGATIONS

10. The Plaintiff's, formally debtors in a chapter 7 bankruptcy case styled *In re Horton, case no.: 3:09-bk-07875-PMG* filed before the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Case") is a "consumer" as that term is defined by the FDCPA and FCCPA. At all times material, Plaintiff has resided in Jacksonville, Duval County, Florida.

11. At some point in time prior to September 18, 2009 (the "Petition Date"), the Plaintiffs became indebted to SHANDS on an unsecured basis. The Plaintiffs were unable to make payments to SHANDS, and their account went into default.

2

12. On September 18, 2009, the Plaintiffs commenced the Bankruptcy Case by filing their voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

13. Schedule F, filed contemporaneously with the Plaintiff's voluntary petition, schedules, lists and statements, listed therein, the Debt. A copy of the relevant portion of Schedule F, as it was filed in the Bankruptcy Case, is attached hereto and incorporated herein as Exhibit "A".

14. Shortly after the Petition Date, SHANDS received the Notice of Chapter 7 Case, Meeting of Creditors and Deadlines entered in the Bankruptcy Case (the "Notice of Commencement"). A copy of the certificate of service filed by the Bankruptcy Noticing Center ("BNC") evidencing that the Notice of Commencement had been sent to SHANDS is attached hereto, and incorporated herein as Exhibit "B".

15. At all times, SHANDS had actual knowledge that the Bankruptcy Case had been commenced and that the automatic stay provisions of the Bankruptcy Code had been invoked.

16. On October 29, 2009, the Trustee convened and concluded the section 341 meeting of creditors ("Meeting of Creditors") as to the Joint Debtor, Brenda Sybil Horton. No SHANDS representative attended the Meeting of Creditors to inquire about the Debt, nor did SHANDS object to the discharge of the Debt.

17. On November 12, 2009, the Trustee convened and concluded the section 341 meeting of creditors ("Meeting of Creditors") as to the Debtor, Val Augustine Horton. No SHANDS representative attended the Meeting of Creditors to inquire about the Debt, nor did SHANDS object to the discharge of the Debt.

18. On January 7, 2010, the Plaintiffs were granted a discharge of the Plaintiff's Bankruptcy Case pursuant to Section 727 of Title 11, United States Code (the "Discharge Order").

19. The Discharge Order states, in pertinent part:

**<u>Collection of Discharge Debts Prohibited</u>**
**The discharge prohibits any attempt to collect from the debtors a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtors. A creditor who violates this order can be required to pay damages and attorney's fees to the debtor...**

### Debts That are Discharged

**The chapter 7 discharge order eliminates the debtor's legal obligation to pay a debt that is discharged. Most, but not all types of debts are discharged if the debt existed on the date the bankruptcy case was filed....**

A copy of the Discharge Order is attached hereto and incorporated herein as Exhibit "C".

20. SHANDS referred the Debt MJ ALTMAN COMPANIES, INC. in its attempts to collect to Debt after receiving actual notice of undersigned counsel's representation with regard to the Debt and after receiving notice of Plaintiffs' Discharge.

21. Notwithstanding the discharge of the debt, on or about February 18, 2010, SHANDS mailed a collection letter in regard to the Debt, referenced by account number: U0904700\*\*\* (the "2/18/2010 Collection Letter") to the Plaintiffs, at their home, in an attempt to collect the Debt. The 2/18/2010 Collection Letter stated that the Plaintiffs owed $537.90 for services rendered through February 16, 2009 to February 20, 2009 and requested immediate payments. A copy of the 2/18/2010 Collection Letter is attached hereto and incorporated herein as Exhibit "D".

22. Notwithstanding the discharge of the debt, on or about May 4, 2010, MJ Altman Companies, Inc. mailed a collection letter in regard to the Debt, referenced by account number: 0904700\*\*\* (the "5/4/2010 Collection Letter") to the Plaintiffs, at their home, in an attempt to collect the Debt. The 5/4/2010 Collection Letter stated that the Plaintiffs owed $537.90 for services rendered at SHANDS Jacksonville and requested immediate payments. A copy of the 5/5/2010 Collection Letter is attached hereto and incorporated herein as Exhibit "E".

### FIRST CLAIM FOR RELIEF

23. Plaintiff repeats and realleges and incorporates by reference paragraphs one (1) through Twenty-two (22) above.

24. MJ ALTMAN COMPANIES, INC. and SHANDS JACKSONVILLE MEDICAL CENTER, INC. violated the FDCPA. MJ ALTMAN COMPANIES, INC. and SHANDS JACKSONVILLE MEDICAL CENTER, INC.'s violations include, but are not limited to the following:

(a) MJ ALTMAN COMPANIES, INC. and SHANDS JACKSONVILLE MEDICAL CENTER, INC. has violated the provisions of 15 U.S.C. § 1692e(2)(A) by falsely representing

the character of the Debt. Specifically, MJ ALTMAN COMPANIES, INC. and SHANDS JACKSONVILLE MEDICAL CENTER, INC. represented to Plaintiffs via its' collection letter that the Debt was still owed by the Plaintiffs and collectable in spite of Plaintiff's Bankruptcy Case and Discharge.

25.  MJ ALTMAN COMPANIES, INC. and SHANDS JACKSONVILLE MEDICAL CENTER, INC. violated the provision of the FDCPA, and is resultingly liable to the Plaintiff for actual damages, statutory damages, and reimbursement of attorneys' fees and costs associated with filing and prosecuting this action.

## SECOND CLAIM FOR RELIEF

26.  Plaintiff repeats and realleges and incorporates by reference paragraphs one (1) through Twenty-two (22) above.

27.  MJ ALTMAN COMPANIES, INC. and SHANDS JACKSONVILLE MEDICAL CENTER, INC. violated the FCCPA. MJ ALTMAN COMPANIES, INC. and SHANDS JACKSONVILLE MEDICAL CENTER, INC.'s violations of the FCCPA include, but are not limited to, the following:

(a)  MJ ALTMAN COMPANIES, INC. and SHANDS JACKSONVILLE MEDICAL CENTER, INC. has violated provisions of Florida Statute § 559.72(7) by collecting a consumer debt from the Plaintiff through means which can reasonably be expected to abuse or harass the Plaintiffs. Specifically, MJ ALTMAN COMPANIES, INC. and SHANDS JACKSONVILLE MEDICAL CENTER, INC. knowingly and willfully attempted to collect the Debt from Plaintiff notwithstanding the Debt being discharged.

(b)  MJ ALTMAN COMPANIES, INC. and SHANDS JACKSONVILLE MEDICAL CENTER, INC. has violated provisions of Florida Statute § 559.72(9) by attempting to collect the Debt with knowledge that the Debt is not legitimate and was Discharged in Plaintiff's Bankruptcy Case. As such, MJ ALTMAN COMPANIES, INC. and SHANDS JACKSONVILLE MEDICAL CENTER, INC. asserted the existence of the legal right to the Debt with the knowledge that the right does not exist.

28.  MJ ALTMAN COMPANIES, INC. and SHANDS JACKSONVILLE MEDICAL CENTER, INC. acts as described above were done intentionally with the purpose of coercing Plaintiffs to pay the debt allegedly owed.

29. As a result of the above violations of the FCCPA, MJ ALTMAN COMPANIES, INC. and SHANDS JACKSONVILLE MEDICAL CENTER, INC. is liable to the Plaintiffs for actual damages, statutory damages and attorney's fees and costs.

### THIRD CLAIM FOR RELIEF

30. The Plaintiffs re-alleges paragraphs one (1) through Twenty-two (22) as if fully restated herein and further states as follows:

31. MJ ALTMAN COMPANIES, INC. and SHANDS JACKSONVILLE MEDICAL CENTER, INC.'s actions were all performed with knowledge that the injunction provisions of the Bankruptcy Code as codified at 11 U.S.C. § 524 had been imposed. The actions of MJ ALTMAN COMPANIES, INC. and SHANDS JACKSONVILLE MEDICAL CENTER, INC. were willful, egregious, contemptuous, and are sanctionable.

32. The Plaintiffs have suffered damages as a direct and proximate result of MJ ALTMAN COMPANIES, INC. and SHANDS JACKSONVILLE MEDICAL CENTER, INC.'s actions alleged herein, including, but not limited to, defamation of credit, loss of credit opportunity, emotional pain and suffering and loss of consortium.

33. The damages suffered by the Plaintiff are a direct result of MJ ALTMAN COMPANIES, INC. and SHANDS JACKSONVILLE MEDICAL CENTER, INC.'s willful, intentional, egregious and blatant disregard of this Court's Discharge Order and the discharge injunction warranting the imposition of a punitive sanction of a multiplier of not less than twenty (20) times the amount of actual damages.

34. In bringing this action, the Plaintiffs have incurred attorney's fees and costs in addition to the damages she has sustained. The Plaintiffs are entitled to an award of actual damages, punitive damages, and reasonable attorney's fees and costs for filing and prosecuting this action.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray that the Court will enter

i) Judgment against MJ ALTMAN COMPANIES, INC. and SHANDS JACKSONVILLE MEDICAL CENTER, INC. in favor of the Plaintiffs awarding actual damages, statutory damages and reimbursement of attorney's fees and costs associated with filing and prosecuting this action as provided by 15 U.S.C. § 1692k;

ii) Judgment against MJ ALTMAN COMPANIES, INC. and SHANDS JACKSONVILLE MEDICAL CENTER, INC. in favor of the Plaintiffs awarding actual damages, statutory damages, punitive damages and reimbursement of attorney's fees and costs associated with filing and prosecuting this action as provided by Section 559, *Florida Statutes*;

iii) Punitive sanctions against MJ ALTMAN COMPANIES, INC. and SHANDS JACKSONVILLE MEDICAL CENTER, INC. for willfully and egregiously violating the provisions of the Discharge Order and applicable provisions of the Bankruptcy Code, including, but not limited to, 11 U.S.C. § 524;

iv) Any and all additional remedies that the may Court deem necessary and just including, but not limited to, equitable and injunctive relief. The Plaintiffs hereby reserves their right to further amend this Complaint or otherwise assert additional causes of action should discovery reveal any additional causes of action appropriate.

## JURY TRIAL DEMANDED

37. Plaintiffs demand a jury trial on all issues so triable.

DATED this 17 day of February, 2011.

PARKER & DuFRESNE, P.A.

By: /s/ Donald M. DuFresne
Donald M. DuFresne, Esquire
Florida Bar No. 802778
dufresne@jaxlawcenter.com
*Lead Trial Counsel*
8777 San Jose Boulevard, Suite 301
Jacksonville, FL 32217
(904) 733-7766/phone
(904)733-2919/fax
*Attorneys for the Plaintiffs*

7